UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MEDAFOR, INC.,
a Minnesota corporation,

        Plaintiff,

v.

STARCH MEDICAL INC.,
a Delaware corporation,

        Defendant.

Case No. 09-CV-0441 (PJS/FLN)

ORDER

---

Aaron W. Davis and Tye Biasco, PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A., for plaintiff.

Peter J. Gleekel and Jessica S. Karich, WINTHROP & WEINSTINE, P.A., for defendant.

This matter is before the Court on the Fed. R. Civ. P. 12(b)(6) motion of defendant Starch Medical Inc. ("Starch Medical") to dismiss for failure to state a claim. For the reasons stated on the record at the hearing and briefly summarized below, the Court will grant the motion, but will also give plaintiff Medafor, Inc. ("Medafor") leave to replead its claims.

Medafor sells hemostatic technology based on engineered biopolymeric microporous particles.[1] Compl. ¶ 7. Medafor is the owner of the registered trademark MEDAFOR, and Medafor has received a Notice of Allowance from the United States Patent and Trademark Office for the trademark ARISTA. Compl. ¶¶ 12, 14, 16, 18. Until February 21, 2008, Medafor employed David Lang as a vice president of international sales and marketing. Compl. ¶ 19.

---

[1] "Hemostatic" means "[a]cting to arrest bleeding or hemorrhage." *American Heritage Dictionary of the English Language* 818 (4th ed. 2000).

-1-

After leaving Medafor, Lang became president of Starch Medical. Compl. ¶ 21. Starch Medical is now advertising its products as improvements to Medafor's hemostatic technology. Compl. ¶ 33.

Medafor brings six causes of action against Starch Medical: (1) theft of trade secrets (Count I); (2) tortious interference with Medafor and Lang's contract (Count II); (3) tortious interference with Medafor's contract with a distributor, Victech Scientific (Count III); (4) trademark infringement under 15 U.S.C. § 1114 (Count IV); (5) false designation of origin, unfair competition, and false advertising under 15 U.S.C. § 1125(a) (Count V); and (6) common-law trademark and trade-name infringement (Count VI). These six causes of action arise out of three basic allegations:

*First*, in Counts I and II, Medafor alleges that Lang breached his contractual duty to maintain the confidentiality of Medafor's trade secrets and that Starch Medical intentionally induced this breach.

*Second*, in Count III, Medafor alleges that Victech Scientific breached its contractual duty to maintain the confidentiality of certain "Confidential Information" and that Starch Medical intentionally induced this breach.

*Third*, in Counts IV, V, and VI, Medafor alleges that Starch Medical posted a video of its products on a web page that includes the metadata labels "medafor" and "arista."

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts sufficient "to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

As the Court explained at the hearing, Medafor's descriptions of its trade secrets and "Confidential Information" are insufficient to inform Starch Medical of the basic fact of what exactly it is supposed to have stolen or unlawfully obtained. The complaint describes the trade secrets at issue as "business methodologies, formulas, devices, and compilations of information, including suppliers and customers . . . ." Compl. ¶ 36. This description is so broad as to be meaningless. As for the "Confidential Information" that Victech Scientific allegedly disclosed, the complaint does not even purport to identify it. In addition, Medafor has failed to plead any facts to support its allegation that Starch Medical stole its trade secrets. Instead, Medafor seems to rely entirely on the fact that its former vice president is now working for Starch Medical. Nor has Medafor pleaded a single fact suggesting that any breach of confidentiality by Lang or Victech Scientific was induced by Starch Medical. In short, Medafor pleaded virtually no facts to support these contentions, much less "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court therefore grants Starch Medical's motion as to Counts I, II, and III. The Court will, however, give Medafor leave to replead these claims in order to cure these deficiencies. In the amended complaint, Medafor must (1) identify the trade secrets and "Confidential Information" specifically enough to enable Starch Medical to understand what it has been accused of stealing; (2) plead facts to support Medafor's allegation that the trade secrets were stolen by Starch Medical; and (3) plead facts to support Medafor's allegation that Starch Medical induced Lang and Victech Scientific to breach their contracts.

As for Counts IV, V, and VI: In general, the Court believes that Medafor has adequately pleaded its trademark-related claims, all of which rest on Medafor's allegation that Starch Medical has posted a video of its products on a web page that includes the metadata labels "medafor" and "arista." Although Starch Medical does not agree that this conduct gives rise to liability, this is a defense on the merits; the fact that Starch Medical is able to address the merits is evidence that Starch Medical understands the nature of Medafor's claims. The Court agrees with Starch Medical, however, that in one respect Medafor's trademark-related claims are inadequately pleaded. All three of these claims require Medafor to show a likelihood of confusion among consumers. *See Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1308 (8th Cir. 1997) (to prevail on trademark-infringement claims under 15 U.S.C. §§ 1114(1) and 1125(a), plaintiff must show likelihood of consumer confusion); *N. Star State Bank of Roseville v. N. Star Bank Minn.*, 361 N.W.2d 889, 895 (Minn. Ct. App. 1985) (to prevail on common-law trademark-infringement claim, plaintiff must show that the ordinary consumer is reasonably likely to be misled). But Medafor has not pleaded any facts indicating how the public is likely to be confused by the metadata. For example, Medafor does not allege that the metadata terms are ever visible to the public or that they are indexed by a search engine. The Court will therefore grant Starch Medical's motion to dismiss Counts IV, V, and VI, but will permit Medafor to replead these claims in order to allege facts indicating how consumers are likely to be confused by the metadata.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss [Docket No. 6] is GRANTED.

2. Plaintiff may, within thirty days of the date of this order, file an amended complaint to cure the deficiencies identified in this opinion.

3. If plaintiff does not file an amended complaint within the time permitted, plaintiff's complaint will be dismissed without prejudice.


Dated: July 16 , 2009                              s/Patrick J. Schiltz
                                                                        Patrick J. Schiltz
                                                                        United States District Judge